THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* LEE BONDMAN, Defendant.

County Court, Tioga County, November 24, 1936.

*J. Lansing Taylor, District Attorney,* for the plaintiff.

*Herbert H. Smith,* for the defendant.

TURK, J. The defendant, an enrollee in a civilian conservation camp, which camp is located in the county of Tioga, has been indicted for the crime of manslaughter, alleged to have been committed within the boundaries of such camp, and is now on trial under that indictment. The defendant has moved for a dismissal of the indictment on the ground that this court has no jurisdiction of the crime and contends that the jurisdiction is vested in the courts of the United States of America under section 371 of title 28 of the Code of the United States of America, manslaughter being one of the crimes enumerated under that section and defined under section 453 of title 18 of the Criminal Code of the United States of America. Under authority of an act of Congress entitled, " An Act for the relief of unemployment through the performance of useful public work and for other purposes " (48 U. S. Stat. at Large, 22), giving the President of the United States wide authority, the Civilian Conservation Corps has been established; and pursuant to executive orders issued by the President of the United States, the Federal government has entered into a lease for the term of less than a year with the owners of the property where the camp in question is situated. Buildings necessary for the operation of this camp have been constructed and it was within one of those buildings that the alleged manslaughter for which this defendant is indicted occurred. Under section 8 of article I of the Constitution of the United States, the Federal government has exclusive jurisdiction over all places purchased by the consent of the Legislature of the State in which the same shall be, for the erection of forts, magazines, arsenals, dock-yards, and other needful buildings. The Constitution clearly implies the permanent use of the property purchased for the construction or erection of some of the structures designated or some other needful building. (*United States* v. *Tierney,* 28 Fed. Cas. No. 16517.) If a purchase is made under this section it is essential that the consent of the State be obtained. While under section 50 of the State Law of New York State, a general consent is given to the purchase of lands, this provision of the New York State Legislature has not been changed since February 9, 1922, more than ten years previous to the present Federal enactment.

It is my opinion and I find that this is not a purchase of property or an acquisition of property under the provisions of the Federal Constitution; that the State of New York has never ceded to the Federal government any of its rights of enforcing the State laws

in this territory; that the Federal government has not, by an act of Congress, vested exclusive jurisdiction over this territory in the Federal court. In fact, it has, under executive order and through War Department regulations, made members of this Civilian Conservation Corps amenable to the process, both criminal and civil, of the municipal, State and Federal courts, and, therefore, I deny the motion of the defendant for a dismissal of this indictment.